Testatrix directed that, on the death of one to whom she had bequeathed certain money for life, it should be divided between "the above said nieces that has received no money." *Held*, that such division must be made between all the nieces mentioned as a class, and not between those only mentioned by name.

In the matter of the settlement of the accounts of George H. Cunning, executor and trustee under the will of Persis Dunning, deceased. Decree entered.

James L. Scott, for accountant.

LESTER, S. The will of Persis Dunning contains the following provision:

"Tenth. I hereby authorize my executor to execute the above bequests as soon as proper after my decease and my niece Melissa Van Vranken is to have the house and lot as stated above, also the use of the residue of money if there be any left over and above my expenses during her natural life then have the house and lot as stated above, also the use of the residue of money and if any of the above said nieces should not survive me to recieve their share of the estate it must be divided share and share alike between the surviving ones."

The testatrix had, in previous clauses of her will, made bequests to her nieces, Jane L. Brown, Persis Carroll, Persis Wagner, Melissa Van Vranken, and Mary Ann Cummings and to one of these nieces she had given a sum of money; and she had provided in the sixth clause of her will as follows:

"Sixth. I give, devise and bequeath to my niece Melissa Van Vranken of Burnt Hills, Saratoga county, N. Y., my house and lot and situate at the village of Burnt Hills in the town of Burnt Hills, N. Y., where I now reside to her and her heirs forever. Also all of my household effects of every name, kind and description whatever for her use during her natural life providing she stays with me and takes care of me until my decease, but if she fails to stay she must be amply paid for all the services she has rendered me while she has been with me except the above named articles which I request shall be given as soon as convenient after my decease."

Her niece, Melissa Van Vranken, stayed with the testatrix and took care of her until the latter's decease, and has herself since died. The question now arises as to the persons entitled to share in the residue of the money of the estate under the tenth clause of the will, above quoted, which provides that "it must be divided between the above said nieces that has received no money."

It is conceded that Persis Wagner, to whom a sum of money was bequeathed, is not included among those to whom the residue of the money is given; and the question is whether the testatrix intended, by the words, "the above said nieces that has received no money," only the nieces she had previously mentioned by name, or whether she intended to include all her nieces, she having, in the eighth clause of her will, given her wearing apparel to "my nieces, my brother's and sister's daughters that survives me," several of whom she did not

mention by name. It is to be noted that in the twelfth clause of her will she gives to Persis Carroll some silver spoons, upon the death of Melissa Van Vranken, such bequest having been, she states, "forgotten above"; and she then goes on to provide further for the disposition of personal property she had previously given to Melissa Van Vranken for life, as follows:

"Or if she [Melissa Van Vranken] should dispose of this place [the house and lot of the testatrix] in her lifetime the personal property must be divided between my brother's and sister's daughters that has received no money. It is my wish that my effects will be divided between my nieces when Melissa does not wish to stay here longer."

The testatrix seems to have contemplated the division of her personal estate (leaving out of account certain articles which she specifically bequeathed) into (1) "wearing apparel"; (2) "household effects"; and (3) "residue of money left over and above my expenses." The first she plainly gives to "my nieces, my brother's and sister's daughters that survive me." This description included the entire class, whether named in her will or not. The second she also directs in equally plain language to be divided "between by brother's and sister's daughters that has received no money"; and I am of the opinion that the testatrix, when she provided for the distribution of the third, "between the above said nieces that has received no money," intended that it should be divided among the same persons among whom she wished her household effects to be divided at Melissa Van Vranken's death—that is, among all her "brother's and sister's daughters that has received no money." I do not think by the words "above said nieces" she meant, only, above-named nieces, but that she meant abovementioned nieces; and she had already mentioned "my nieces, my brother's and sister's daughters." She had already, by making certain specific bequests, preferred to that extent those nieces whom she had named; and further than this it is my opinion she did not intend to go. The words, "the above said nieces that has received no money," and the words, "my brother's and sister's daughters that has received no money," are similar phrases, and were employed, it seems to me, to denote the same persons. I think, if the testatrix had intended otherwise, she would have used language in the two cases that would have more plainly distinguished them from each other, and that by language so similar she would not have designated classes that were intended to be different.

My conclusion is that the residue of the money should be divided among all the surviving nieces, except Persis Wagner, and not among those only whom the testatrix had called by name in the earlier part of her will. Let a decree be entered accordingly.

Decreed accordingly.